1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10  CHARLES N. BELSSNER,              )   CASE NO. ED CV 20-631-FMO (PJW)
                                      )
11                 Plaintiff,         )   ORDER DISMISSING ACTION FOR
                                      )   FAILURE TO PROSECUTE
12            v.                      )
                                      )
13  CIRCLE DENTAL, ET AL.,            )
                                      )
14                                    )
                   Defendants.        )
15  _____)

16       In March 2020, Plaintiff Charles N. Belssner filed this pro se

17  civil rights action against Circle Dental, the California Commission

18  on Judicial Performance, the State of California, and Superior Court

19  Judge Randall D. White.  (Complaint at 1, 6-7.)  Though the Complaint

20  was difficult to decipher, it appeared that he was alleging that

21  Circle Dental charged him too much for dental work, that Judge White

22  had abused his discretion during Plaintiff's trial against Circle

23  Dental, that the Commission on Judicial Performance had "disregarded

24  the plight of the disable[d] to seek equity," and that the State of

25  California had failed to provide oversight over certain business, like

26  Circle Dental, forcing Plaintiff to litigate against those that

27  violated the law.  (Complaint at 6-8.)  Plaintiff sought declaratory

28

1   and injunctive relief as well as any other relief the Court deemed

2   appropriate.

3       The Court denied Plaintiff's request for injunctive relief.

4   Furthermore, the Court determined after screening the Complaint that

5   Plaintiff had not stated, and likely could not state, any cognizable

6   federal claims.  Nevertheless, the Court explained why his claims were

7   not viable and gave Plaintiff until April 30, 2020 to file a First

8   Amended Complaint.  Plaintiff failed to file a First Amended Complaint

9   by April 30 and failed to request additional time to do so.  As such,

10  the Court is now dismissing the action for failure to prosecute.  In

11  doing so, the Court sets out once again why Plaintiff's claims are not

12  cognizable in federal court.

13      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege

14  that a right secured by the Constitution or laws of the United States

15  was violated and the violation was committed by an individual acting

16  under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  As

17  to the State of California and the State Commission on Judicial

18  Performance, Plaintiff cannot state a claim against them under § 1983

19  because they are entitled to immunity under the Eleventh Amendment to

20  the U.S. Constitution, which, in general, bars suits against the

21  states. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66,

22  71 (1989) (holding states are not persons within the meaning of § 1983

23  and, thus, that statute "does not provide a federal forum for

24  litigants who seek a remedy against a State for alleged deprivations

25  of civil liberties.").  Further, Plaintiff cannot sue Circle Dental

26  under § 1983 because it is a private party, not a state actor, and

27  does not act under color of law. *See Price v. Hawaii*, 939 F.2d 702,

28                                      2

707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law[.]"). As to Superior Court Judge White, this Court has no authority to remove him from office, to counsel him on how to address litigants in his courtroom, or to overrule his decisions in the context of this § 1983 action. *See*, *e.g.*, *District Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings"); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003) (explaining "party disappointed by a decision of the highest state court . . . may [not] appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties."). Further, Judge White is entitled to immunity from suit for actions taken by him while judging Plaintiff's case. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (explaining judicial immunity is immunity from suit, not just from the ultimate assessment of damages). This is true even if his actions were done maliciously or in excess of his judicial authority. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Thus, there is clearly no merit to Plaintiff's suit. But, even if there was, his failure to prosecute it is grounds for dismissing it.

It is well established that a district court has the authority to dismiss an action for failure to prosecute and/or for failure to comply with court orders. Fed. R. Civ. P 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (explaining district court has authority to dismiss case for lack of prosecution in order to prevent undue delays in disposition of pending cases and to avoid congestion in court's calendar); *Ferdik v. Bonzelet*, 963 F.2d 1258,

3

1260-61 (9th Cir. 1992) (finding district courts have authority to dismiss for failure to comply with court order). The Court considers five factors when evaluating whether dismissal is appropriate: (1) the public interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik*, 963 F.2d at 1260-61.

In this case, both the public's interest in the expeditious resolution of cases and the Court's need to manage its docket weigh in favor of dismissal. It appears that Plaintiff is not interested in pursuing this action as evidenced by the fact that he has not filed a First Amended Complaint. As a result, the case is at a standstill.

As to the third factor, prejudice to Defendants, this, too, weighs in favor of dismissal. It is clear that Defendants are not amenable to suit and even having to deal with being served with the Complaint and marshaling resources to address it would be a unnecessary burden to them.

The fourth factor--the general policy favoring resolution of cases on the merits--also weighs in favor of dismissal as there is no merit to Plaintiff's claims.

Finally, the fifth factor--the availability of less drastic alternatives--also weighs in favor of dismissal. The Court is unable to impose a lesser sanction, e.g., monetary sanctions, because Plaintiff is proceeding in forma pauperis (and presumably does not have the money to pay sanctions) and because his refusal to comply with the order to file an amended complaint suggests that he is not concerned with the Court's orders.

1    Considering all five factors, the Court concludes that dismissal
2    for failure to prosecute is warranted.  *See Ferdik*, 963 F.2d at 1263
3    (concluding dismissal appropriate where supported by three factors);
4    *Pagtalunan*, 291 F.3d at 643 (same).  The case is hereby dismissed
5    without prejudice.

6         IT IS SO ORDERED.

7

8    DATED:    May 21, 2020

9

10                                          _____/s/_____
11                                          FERNANDO M. OLGUIN
                                            UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22   Presented by:

23

24

25   PATRICK J. WALSH
     UNITED STATES MAGISTRATE JUDGE

26

27

28   C:\Users\ericavalencia\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\0MSETIRA\Ord_dismiss
     failure to prosecute.wpd